UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOLLY M. BLASKO, as Personal Representative :
of the Estate of SALLY DEAN McGHEE, Deceased
1673 Linkside Court North :
Atlantic Beach, Florida  32233
:
      Plaintiff,
:

  v.
:

WASHINGTON METROPOLITAN                    Case No.
    AREA TRANSIT AUTHORITY
(a/k/a "WMATA)  :
600 Fifth Street, NW
Washington, DC  20001  :

SERVE:    Carol O'Keeffe, Esquire
             General Counsel's Office  :
             WMATA
             600 Fifth Street, NW
             Washington, DC   20001
:
      Defendant.
:

**COMPLAINT FOR WRONGFUL DEATH**
(Bus-Pedestrian Collision; Wrongful Death and Survival Claims;
Negligence —Respondeat Superior)

**JURISDICTION AND VENUE**

      1.    Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Art XVI § 81; D.C. Code Ann. § 1-2431(81) (1981) and DC ST § 9-1107.10.

      2.    Venue in this Court is proper as the negligent acts and/or omissions, committed by the Defendant occurred in the District of Columbia.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## PARTIES

3. Plaintiff Molly M. Blasko is the duly appointed Personal Representative of the estate of her deceased sister, Sally Dean McGhee.

4. At all relevant times hereto, the decedent, Sally Dean McGhee, was a resident of the Commonwealth of Virginia and was employed at the Federal Trade Commission in Washington, DC.

5. Upon information and belief, Defendant WMATA is a transit authority created by Federal Compact and authorized to do business in the District of Columbia.

6. At all times relevant, Defendant WMATA was the owner of the transit bus being operated by Victor Z. Kolako, who was acting within the course and scope of his employment and/or agency with WMATA.

7. Defendant WMATA is vicariously liable for any tortious acts and/or omissions committed by Victor Z. Kolako which directly and proximately caused the death of Sally Dean McGhee.

## FACTS

8. On February 14, 2007, at approximately 6:20 p.m., the decedent, Sally Dean McGhee, was in the process of lawfully crossing Pennsylvania Avenue at the intersection of Seventh Street, NW, from the southwest corner to the northwest corner.

9. At the time referenced in the preceding paragraph, Sally Dean McGhee was lawfully within the crosswalk, and was crossing with the "walk" signal.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

10. At the time and date referred to in ¶ 8, Victor Z. Kolako was operating a WMATA bus, No. 2124, owned by Defendant WMATA, traveling northbound on Seventh Street, NW and was in the process of turning left onto westbound Pennsylvania Avenue, NW in the District of Columbia.

11. As Sally Dean McGhee was lawfully crossing within the crosswalk at the intersection previously described, Victor Kolako, who was operating the WMATA bus recklessly and without appropriate caution, struck Sally McGhee and ran her over.

12. As a result of being struck by the WMATA vehicle Sally Dean McGhee sustained severe and ultimately fatal injuries.

13. Sally Dean McGhee was pronounced dead on February 14, 2007.

14. At all times relevant herein, Victor Kolako, was operating the WMATA bus with the permission of its owner, and in the course and scope of his employment with his employer, Defendant WMATA.

## COUNT I
**(Wrongful Death: Negligence and Negligence *Per Se*)**

15. Plaintiff incorporates, by reference, the allegations set forth in paragraphs 1 through 14 above, as if fully set forth herein, and further alleges that this claim arises under the District of Columbia Wrongful Death Statute, D.C. Code § 16-2701, et seq.

16. Plaintiff alleges that Defendant WMATA's agent, servant and/or employee, Victor Z. Kolako, was negligent, reckless, and/or careless in the operation of the WMATA vehicle, and that at all relevant times, Victor Z. Kolako was acting within the course of his employment and/or agency with Defendant WMATA.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

17. Plaintiff further alleges that Defendant WMATA is legally and statutorily liable for all acts and/or omissions committed by Victor Z. Kolako within the course and scope of his employment.

18. Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, had a duty to use reasonable care in the operation of the WMATA bus.

19. Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, breached the duty of care owed to pedestrians such as the decedent, Sally D. McGhee, and was negligent in some or all of the following ways:

    a. In failing to maintain proper control of the WMATA vehicle;

    b. In failing to pay full time and attention to the operation of the WMATA vehicle;

    c. In failing to operate the WMATA vehicle at a safe speed for the traffic and pedestrian conditions;

    d. In failing to keep a proper lookout in the operation of the WMATA vehicle;

    e. In failing to yield the right-of-way to the decedent, Sally D. McGhee, who was a pedestrian lawfully crossing the roadway in a pedestrian crosswalk;

    f. In failing to operate the WMATA vehicle with the degree of skill and care required under the circumstances;

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

      g.    In failing to observe the decedent, Sally D. McGhee, who was lawfully crossing the street within the crosswalk on a walk signal; and,

      h.    In otherwise failing to adhere to the applicable motor vehicle laws and regulations then and there in effect in the District of Columbia.

20.    Plaintiff further alleges that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, violated pedestrian safety provisions which were in full force and effect in the District of Columbia at the time of Ms. McGhee's death.

21.    By violating applicable District of Columbia safety regulations, including those regulations designed to protect lawful pedestrians from the acts or omissions of operators of motor vehicles, Defendant WMATA was negligent *per se*. In particular, Plaintiff alleges that Defendant WMATA was negligent *per se* in violating various provisions of Title 18, Chapters 2300.2 and 2302.2 of the District of Columbia Municipal Regulations.

22.    Plaintiff further alleges that the death of the decedent, Sally D. McGhee, was a direct, sole and proximate result of the negligence of WMATA, through its agent, servant and/or employee, Victor Z. Kolako.

23.    Plaintiff further alleges that as a direct and proximate result of the negligent or wrongful acts of Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, the next of kin of the decedent incurred burial expenses, has suffered the loss of anticipated future earnings, lost the pecuniary value of services

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

expected to be performed by the decedent, and lost any and all other damages recoverable under the Act.

WHEREFORE, Plaintiff Molly M. Blasko, as Personal Representative of the estate of Sally Dean McGhee, deceased, demands judgment against the Defendant, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT II
### (Survival Act: Negligence and Negligence *Per Se*)

24. Plaintiff incorporates, by reference, the allegations set forth in paragraphs 1 through 23 above, as if fully set forth herein and further alleges that this claim arises under the District of Columbia Survival Statute, D.C. Code § 12-101, et seq.

25. The decedent's right of action for wrongful death and negligent conduct against the Defendant, survives in favor of Molly M. Blasko, as the Personal Representative of the estate of the deceased. As a result of the Defendant's wrongful and negligent conduct, the decedent experienced severe pain, suffering, and mental anguish during the last day of her life.

WHEREFORE, Plaintiff Molly M. Blasko, as Personal Representative of the estate of Sally Dean McGhee, deceased, demands judgment against the Defendant, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## JURY DEMAND

The Plaintiff, through counsel, requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By: _____
Patrick M. Regan    #336107
pregan@reganfirm.com
Salvatore J. Zambri  #439016
szambri@reganfirm.com
Paul J. Cornoni      #489398
pcornoni@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
*Counsel for Plaintiffs*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Patrick M. Regan, Esquire
Regan Zambri & Long
1919 M Street, NW, Ste. 350
Washington, D.C. 20036     Tel: 202-822-1880

## DEFENDANTS

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
WMATRC Art XVI § 81; D.C. Code Ann. § 1-2431(81) (1981) and DC ST § 9-11

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 40,000,000.00  Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 5/7/07  SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.