UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased 1673 Linkside Court North Atlantic Beach, FL   32233<br><br>            Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 5th St., N.W. Washington, DC   20001<br><br>            Defendant. | 07 cv 00833 (RMU) |

**A N S W E R**

Comes now the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA"), by and through the undersigned counsel, and for its Answer to the Complaint, states as follows:

FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

SECOND DEFENSE

Jurisdiction and Venue

1.    The Defendant admits that the Court has jurisdiction over the Defendant pursuant to D.C. Code Ann. § 9-1107.01 (81).  The

remaining allegations of paragraph 1 of the Complaint are denied.

2. The Defendant admits that venue is proper in this Court, based upon the allegations set forth in the Complaint. To the extent the allegations of paragraph 2 of the Complaint are inconsistent with the foregoing, they are denied.

### Parties

3. The allegations of paragraph 3 of the Complaint are denied for lack of knowledge.

4. The allegations of paragraph 4 of the Complaint are denied for lack of knowledge.

5. The Defendant is an interstate compact agency created by an act of Congress and by its signatories, Maryland, the District of Columbia and Virginia, for the purpose of creating and maintaining a regional transportation system, as more fully set forth in D.C. Code Ann. § 9-1107.01(2). To the extent the allegations of paragraph 5 are inconsistent with the foregoing, they are denied.

6. The allegations of paragraph 6 are admitted.

7. WMATA admits that, consistent with the law of the District of Columbia, employers are generally liable for the negligent acts of their employees which are committed within the course and scope of their employment. To the extent the allegations of paragraph 7 are inconsistent with the foregoing, they are denied. In addition, to the

extent that the allegations of paragraph 7 amount to an incomplete and inaccurate statement of law, they are denied.

## Facts

8. The allegations of paragraph 8 are admitted.

9. The Defendant is without knowledge at this time sufficient to admit or deny the allegations of paragraph 9.

10. WMATA admits that Mr. Kolako was operating WMATA bus 2124, owned by WMATA, traveling northbound on Seventh Street, N.W., and that he turned left from Seventh Street onto Pennsylvania Avenue, N.W. in the District of Columbia.  The Defendant is without information sufficient to admit or deny the specific time references made in paragraph 10, and such allegations are therefore denied.

11. WMATA admits that the bus operated by Victor Kolako struck Sally McGhee.  WMATA is without knowledge sufficient to permit it to admit or deny that the bus ran over Sally McGhee. The remaining allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are admitted.

## Count I

(Wrongful Death: Negligence and Negligence Per Se)

15. The Defendant incorporates by reference each of the foregoing

responsive paragraphs as if set forth here verbatim. The Defendant denies, upon information and belief, that any claim arises under The District of Columbia Wrongful Death statute.

16. WMATA admits that Victor Kolako was acting within the course and scope of his employment with WMATA at all relevant times; the remaining allegations of paragraph 16 are denied.

17. WMATA admits that, consistent with the law of the District of Columbia, employers are generally liable for the negligent acts of their employees which are committed within the course and scope of their employment. To the extent the allegations of paragraph 17 are inconsistent with the foregoing, they are denied. In addition, to the extent that the allegations of paragraph 17 amount to an incomplete and inaccurate statement of law, they are denied.

18. The allegations of paragraph 18 amount to an inaccurate and incomplete statement of law and are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied, upon information and belief. Moreover, upon information and belief, the claims for the losses alleged are not properly brought by this Plaintiff.

Count II

(Survival Act: Negligence and Negligence Per Se)

24. The Defendant incorporates by reference each of the foregoing responsive paragraphs as if set forth here verbatim. The Defendant denies, upon information and belief, that any claim herein properly arises under The District of Columbia Survival statute.

25. The Defendant is without knowledge sufficient to admit or deny the allegations regarding the Plaintiff's status as personal representative. Based upon information and belief, the decedent did not suffer pain or mental anguish as a result of the subject incident.

THIRD DEFENSE

The Defendant reserves the right to defend this action on the basis that the Plaintiff's decedent was contributorily negligent, and /or that she assumed the risk of injury, should the evidence provide a basis therefor.

FOURTH DEFENSE

Damages in this action, to the extent they are permitted at all, are limited to those permitted by the Wrongful Death Act, D.C. Code Ann. §16-2701(1981) and by the Survival Act, D.C. Code Ann. §12-101 (1981).

FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred by Defendant's governmental immunity under the WMATA Compact, D.C. Code Ann. §9-1107.01 (80) (2001).

The Defendant reserves the right to rely upon any and all defenses available from the evidence presented at the trial of this action, and reserves the right to assert such defenses at that time.

WHEREFORE, WMATA, having fully answered the Complaint, prays that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

/s/ Carol O'Keefe
Carol O'Keeffe, #445277
General Counsel


/s/ Mark Sullivan
Mark F. Sullivan, #430876
Deputy General Counsel


/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Assistant General Counsel
WMATA - COUN
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
kcarey@wmata.com


/s/ Jeffrey Seaman
Jeffrey C. Seaman , #466509
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1856
jcseaman@wmata.com