**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased, | : : : : | |
| Plaintiff, | : : | Civil Action No.: 07-0833 (RMU) |
| v. | : : | Document No.: 6 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : | |
| Defendant. | : : | |

| | | |
|---|---|---|
| GREGORY E. SCHOENBORN, as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased, | : : : : | |
| Plaintiff, | : : | Civil Action No.: 07-0544 (RMU) |
| v. | : : | Document No.: 11 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : | |
| Defendant. | : : | |

**MEMORANDUM OPINION**

**GRANTING PLAINTIFF BLASKO'S PARTIAL CONSENT MOTION FOR CONSOLIDATION;**
**GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S**
**MOTION FOR CONSOLIDATION**

**I.  INTRODUCTION**

The plaintiffs, Gregory Schoenborn and Molly Blasko, bring separate wrongful death and survival actions against the defendant, Washington Metropolitan Area Transit

Authority ("WMATA").  Pursuant to Federal Rule of Civil Procedure 42(a), the defendant moves for full consolidation of these actions, and plaintiff Blasko brings a partial consent motion for consolidation for discovery purposes only.  Plaintiff Schoenborn opposes consolidation for any purpose.  Because the actions name the same defendant, allege the same claims and arise out of the same incident, the court grants plaintiff Blasko's partial consent motion to consolidate the actions for discovery purposes.  Because it is too early to tell if judicial economy outweighs the risk of prejudice to the plaintiffs, the court denies the defendant's motion to consolidate the actions for trial.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs allege that on February 14, 2007, Martha Schoenborn and Sally McGhee were lawfully crossing Pennsylvania Avenue and 7th Street N.W., Washington, D.C., when a bus struck and killed Schoenborn and McGhee.  Schoenborn Compl. ¶¶ 7, 10; Blasko Compl. ¶¶ 8-13.  The plaintiffs assert that the defendant owned the bus and employed the driver, Victor Kolako, who was acting within the scope of his employment at the time of the incident.  Schoenborn Compl. ¶ 9; Blasko Compl. ¶ 14.

On March 19, 2007, plaintiff Gregory E. Schoenborn, the husband and legal representative of Martha Schoenborn, filed a wrongful death and survival action against the defendant.  On May 4, 2007, Molly E. Blasko, the sister and legal representative of Sally McGhee, filed suit against the defendant.  At an initial status conference in the Schoenborn action on June 19, 2007, the court set discovery dates; the court expects to set discovery dates in the Blasko action at an initial status conference scheduled for

August 28, 2007. On June 29, 2007, plaintiff Blasko moved to consolidate the actions for purposes of discovery, and on July 18, 2007, the defendant moved to consolidate the actions in their entirety. The court now turns to the pending motions.

### III.  ANALYSIS

#### A. Legal Standard for a Motion to Consolidate

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." FED. R. CIV. P. 42(a). By its plain language, Rule 42(a) permits *sua sponte* consolidation. *In re Pepco Employment Litig.*, 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

Consolidation of actions under Rule 42(a) is "a valuable and important tool of judicial administration." *Devlin*, 175 F.3d at 130 (internal quotations omitted). It helps to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002). To determine whether consolidation is appropriate, a court should consider both equity and judicial economy. *Devlin*, 175 F.3d at 130. If "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," a court may find the actions merit consolidation. *Id.* (internal quotations omitted).

Actions that involve the same parties are apt candidates for consolidation. 9 FED. PRAC. & PROC. CIV. 2D § 2384. Moreover, consolidation is particularly appropriate when

3

the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. *Davis v. Buffalo Psychiatric Ctr.*, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988). If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate. *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In short, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

### B.  The Court Grants Plaintiff Blasko's Partial Consent Motion to Consolidate for Discovery Purposes

The defendant argues that consolidation of discovery promotes judicial economy because both cases arise from the same incident and involve the same questions of law and fact. Def.'s Mot. to Consolidate ("Def.'s Mot.") at 2. The defendant still expects a substantial amount of discovery, including depositions of the parties' witnesses and receipt of "records from the United States Attorney's Office regarding the criminal investigation into the accident." Def.'s Mem. P. & A. at 4. Plaintiff Blasko concurs stating that the "common questions of fact, and the same set of core facts give rise to the allegations of liability of the defendant identified in both actions." Pl. Blasko's Mem. P. & A. ("Blasko Mem.") ¶ 3.

Plaintiff Schoenborn opposes consolidation, arguing that proof of damages is the only issue in the case, and this issue requires "entirely distinct discovery." Pl. Schoenborn's Opp'n to Def.'s Mot. ("Schoenborn Opp'n") at 3-4. He contends that any duplicative discovery concerns can be worked out by the parties without a court order. *Id.* at 4. He also argues that consolidation will prejudice his case because extensive discovery has been conducted and consolidation will result in "unnecessary delay,

4

additional costs, confusion, and the loss of ability to control the course of litigation." *Id.* at 2-3. Specifically, plaintiff Schoenborn notes that he has already exchanged a number of discovery requests with the defendant and would have filed expert reports "had some evidence and discovery from other entities been provided promptly." *Id.* at 2. Finally, he asserts that any delay caused by the consolidation is "not fair" given the "horrific and tragic incident" that he "has to deal with on a daily basis." *Id.* at 4-5.

At the outset, the court notes that consolidation is not precluded when cases are at different stages of discovery. *See Monzo v. Am. Airlines, Inc.,* 94 F.R.D. 672, 673 (S.D.N.Y. 1982) (finding consolidation appropriate even though two cases were at different stages of discovery with neither scheduled for immediate trial); *see also* 9 FED. PRAC. & PROC. § 2383 (stating that actions "at different stages of trial preparation do[] not preclude consolidation automatically"). In addition, the court acknowledges plaintiff Schoenborn's desire to bring closure to the events that transpired on February 14, 2007, while recognizing the need to "balance a reasonable amount of delay in the trial of one case against the avoidance of duplicate efforts in the discovery process." 8 FED. PRAC. 3d §42.11[6][d].

The suits undisputedly name the same defendant and allege the same claims. Additionally, the cases were only filed one-and-a-half months apart and have similar procedural postures. For example, a scheduling conference for the Schoenborn action took place on June 19, 2007, and a similar conference is scheduled for the Blasko action on August 28, 2007. Plaintiff Schoenborn's contention that expert reports would have been filed had other discovery taken place does not address the reality of the situation, which is that discovery has been delayed and the expert reports have not been filed.

5

Def.'s Mem. P. & A. at 4; Schoenborn Opp'n at 2. While limited discovery has commenced in the Schoenborn action, consolidation need not result in unreasonable, if any, delay to the final resolution of these matters. Accordingly, because the suits are both in their nascent stages and have common parties and allegations, the court consolidates them for discovery purposes.

### C.  The Court Denies, Without Prejudice, the Defendant's Motion to Consolidate for Trial

The defendant asserts that the court should consolidate both actions for trial because both will "require the testimony of many, if not all, of the same witnesses." Def.'s Mem. P. & A. at 2. Furthermore, the defendant asserts that, if consolidated, prejudice to either party would be "difficult to discern" and that a jury is "not likely" to be confused about the issues in these cases. *Id.* at 3. Plaintiff Blasko, however, opposes consolidation for trial because "the jury is likely to be confused by the numerous and complex differences relating to the legal claims and damages of each decedent." Blasko Mem. ¶ 6. Plaintiff Schoenborn also opposes consolidation, predicting that the jury may overlook the "subtl[e], but significant[]" distinctions between the cases if tried together. Schoenborn Opp'n at 5. Indeed, at trial, he expects that the plaintiffs will prove the "impact of this incident on entirely unique and different individuals" and "entirely distinct sets of damages." *Id.* at 4-5.

The court agrees, at this time, that the cases should not be consolidated for trial purposes. While there may be considerable witness overlap in the two actions, it is too early to determine its extent and whether the consolidation would result in prejudice. For example, the plaintiffs' damages claims may require distinct evidentiary support. *See* D.C. Code § 16-2701 (stating that "damages shall be assessed to the spouse or domestic

6

partner and the next of kin of the deceased person"); *see also Joy v. Bell Helicopter Textron*, 999 F.2d 549, 565 (D.C. Cir. 1993) (recognizing that damages for wrongful death include "the value of the lost earnings and of the personal service and attention which would have been of material value to the members of the family").  Accordingly, the court denies, without prejudice, the defendant's motion to consolidate the actions for trial.

### III.  CONCLUSION

For the foregoing reasons, the court grants Blasko's partial consent motion to consolidate for discovery purposes only.  The court grants in part and denies in part, without prejudice, the defendant's motion for consolidation.  An order consistent with this Memorandum Opinion is issued this 8th day of August 2007.

RICARDO M. URBINA
United States District Judge