UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, as Personal Representative of the Estate of MARTHA SCHOENBORN, Deceased<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>    Defendant. | :<br>:<br>:<br>:<br>: Case No. 1:07-cv-00544 RMU<br>:<br>:<br>:<br>:<br>:<br>: *Consolidated with* |
| MOLLY M. BLASKO, as Co-Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>    Defendant. | :<br>:<br>:<br>:<br>: Case No. 1:07-cv-00833 RMU<br>:<br>:<br>:<br>:<br>: |

### PLAINTIFF'S CONSENT MOTION TO AMEND COMPLAINT

Plaintiff Molly Blasko, by and through undersigned counsel, hereby respectfully moves for leave to file an Amended Complaint in order to add her brother, Dr. James McGhee, as Co-Personal Representative of the Estate of the decedent Sally McGhee. Defendant WMATA consents to the relief requested in this motion.

In further support, Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,
REGAN ZAMBRI & LONG, PLLC


By: _____/s/ Paul Cornoni_____
Patrick M. Regan                    #336107
pregan@reganfirm.com
Paul Cornoni                        #489398
pcornoni@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
Fax: (202)463-0667
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Consent Motion to Amend the Complaint was mailed, postage prepaid, this 8th day of May, 2008 to:

    Peter C. Grenier, Esquire
    Bode & Grenier, LLP
    1150 Connecticut Avenue, NW
    9th Floor, Connecticut Building
    Washington, DC  20036

    Kathleen Carey, Esquire
    Jeffrey C. Seaman, Esquire
    WMATA
    600 Fifth Street, NW
    Washington, DC  20001

                                            /s/ Paul Cornoni
                                            Paul Cornoni

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, as Personal Representative of the Estate of MARTHA SCHOENBORN, Deceased<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: Case No. 1:07-cv-00544 RMU<br>:<br>:<br>:<br>:<br>:<br>: |
| MOLLY M. BLASKO, as Co-Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br><br>Defendant. | *Consolidated with*<br>:<br>:<br>:<br>:<br>:<br>: Case No. 1:07-cv-00833 RMU<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CONSENT MOTION TO AMEND COMPLAINT

Plaintiff Molly Blasko, by and through undersigned counsel, hereby respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Consent Motion to Amend Complaint in the above matter. In support thereof, the Plaintiff respectfully states as follows:

1. Plaintiff filed this action on May 4, 2007.

2.	Since the filing of this action, Dr. James McGhee has been appointed as Co-Personal Representative of the Estate of Sally McGhee.  <u>See</u> Exhibit A, Circuit Court for the City of Alexandria's November 28, 2007 Order.

3.	Plaintiff respectfully submits that counsel for Defendant WMATA has consented to the relief requested herein.  A proposed First Amended Complaint is attached to this motion, <u>See</u> Exhibit B.

4.	Permitting the Plaintiff to amend the complaint would not unfairly prejudice any of the parties to this action, this is especially true, since Defendant has previously deposed Dr. James McGhee.

Wherefore, in light of the foregoing, the Plaintiff respectfully requests that the Court enter the attached Order allowing the Plaintiff to file her First Amended Complaint simply adding Co-Personal Representative Dr. James McGhee as a Plaintiff in this matter.  It is also requested that said First Amended Complaint be deemed filed as of the date of the filing of this consent motion.

- 6 -

                Respectfully submitted,
                REGAN ZAMBRI & LONG, PLLC


By:     /s/ Paul Cornoni
      Patrick M. Regan      #336107
      pregan@reganfirm.com
      Paul Cornoni      #489398
      pcornoni@reganfirm.com
      1919 M Street, NW, Suite 350
      Washington, DC 20036
      PH: (202) 463-3030
      Fax: (202)463-0667
      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, as Personal Representative of the Estate of MARTHA SCHOENBORN, Deceased : <br><br> Plaintiff, : <br><br> v. : <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY : <br><br> Defendant. : | : Case No. 1:07-cv-00544 RMU <br><br><br><br><br><br><br><br><br><br> *Consolidated with* |
| MOLLY M. BLASKO, as Co-Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased : <br><br> Plaintiff, : <br><br> v. : <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY : <br><br> Defendant. : | Case No. 1:07-cv-00833 RMU |

## ORDER

Upon consideration of the Plaintiff's Consent Motion to Amend Complaint, a review of the entire record herein, and it appearing to the Court that just cause exists for the relief requested herein, it is this ___day of May, 2008, hereby:

ORDERED that the Plaintiff's Motion is GRANTED in its entirety, and it is further

ORDERED that the Plaintiff's First Amended Complaint, which was attached as an Exhibit to Plaintiff's Consent Motion, is hereby deemed filed as of the date of the filing of said Consent Motion.

SO ORDERED.

_____
Judge Ricardo Urbina

cc:  Paul Cornoni, Esquire
Regan Zambri & Long, PLLC
1919 M Street, NW, Suite 350
Washington, DC 20036
Ph: (202) 463-3030
Counsel for Plaintiff

Peter C. Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, NW
9th Floor, Connecticut Building
Washington, DC 20036

Kathleen Carey, Esquire
Jeffrey C. Seaman, Esquire
WMATA
600 Fifth Street, NW
Washington, DC 20001

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOLLY M. BLASKO, as Co-Personal Representative :
of the Estate of SALLY DEAN McGHEE, Deceased :
:
and : Case No. 1:07-cv-00833
: Judge Ricardo Urbina
JAMES McGHEE, as Co-Personal Representative :
of the Estate of SALLY DEAN McGHEE, Deceased :
      Plaintiffs, :
v. :
:
WASHINGTON METROPOLITAN :
   AREA TRANSIT AUTHORITY :
(a/k/a "WMATA) :
      Defendant. :

**FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH**
(Bus-Pedestrian Collision; Wrongful Death and Survival Claims;
Negligence —Respondeat Superior)

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Art XVI § 81; D.C. Code Ann. § 1-2431(81) (1981) and DC ST § 9-1107.10.

2. Venue in this Court is proper as the negligent acts and/or omissions, committed by the Defendant occurred in the District of Columbia.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## PARTIES

3. Plaintiffs Molly M. Blasko and James McGhee are the duly appointed Co-Personal Representatives of the estate of their deceased sister, Sally Dean McGhee.

4. At all relevant times hereto, the decedent, Sally Dean McGhee, was a resident of the Commonwealth of Virginia and was employed at the Federal Trade Commission in Washington, DC.

5. Upon information and belief, Defendant WMATA is a transit authority created by Federal Compact and authorized to do business in the District of Columbia.

6. At all times relevant, Defendant WMATA was the owner of the transit bus being operated by Victor Z. Kolako, who was acting within the course and scope of his employment and/or agency with WMATA.

7. Defendant WMATA is vicariously liable for any tortious acts and/or omissions committed by Victor Z. Kolako which directly and proximately caused the death of Sally Dean McGhee.

## FACTS

8. On February 14, 2007, at approximately 6:20 p.m., the decedent, Sally Dean McGhee, was in the process of lawfully crossing Pennsylvania Avenue at the intersection of Seventh Street, NW, from the southwest corner to the northwest corner.

9. At the time referenced in the preceding paragraph, Sally Dean McGhee was lawfully within the crosswalk, and was crossing with the "walk" signal.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

10. At the time and date referred to in ¶ 8, Victor Z. Kolako was operating a WMATA bus, No. 2124, owned by Defendant WMATA, traveling northbound on Seventh Street, NW and was in the process of turning left onto westbound Pennsylvania Avenue, NW in the District of Columbia.

11. As Sally Dean McGhee was lawfully crossing within the crosswalk at the intersection previously described, Victor Kolako, who was operating the WMATA bus recklessly and without appropriate caution, struck Sally McGhee and ran her over.

12. As a result of being struck by the WMATA vehicle Sally Dean McGhee sustained severe and ultimately fatal injuries.

13. Sally Dean McGhee was pronounced dead on February 14, 2007.

14. At all times relevant herein, Victor Kolako, was operating the WMATA bus with the permission of its owner, and in the course and scope of his employment with his employer, Defendant WMATA.

## COUNT I
### (Wrongful Death: Negligence and Negligence *Per Se*)

15. Plaintiffs incorporate, by reference, the allegations set forth in paragraphs 1 through 14 above, as if fully set forth herein, and further alleges that this claim arises under the District of Columbia Wrongful Death Statute, D.C. Code § 16-2701, et seq.

16. Plaintiffs allege that Defendant WMATA's agent, servant and/or employee, Victor Z. Kolako, was negligent, reckless, and/or careless in the operation of the WMATA vehicle, and that at all relevant times, Victor Z. Kolako was acting within the course of his employment and/or agency with Defendant WMATA.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

17. Plaintiffs further allege that Defendant WMATA is legally and statutorily liable for all acts and/or omissions committed by Victor Z. Kolako within the course and scope of his employment.

18. Plaintiffs further allege that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, had a duty to use reasonable care in the operation of the WMATA bus.

19. Plaintiffs further allege that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, breached the duty of care owed to pedestrians such as the decedent, Sally D. McGhee, and was negligent in some or all of the following ways:

    a. In failing to maintain proper control of the WMATA vehicle;

    b. In failing to pay full time and attention to the operation of the WMATA vehicle;

    c. In failing to operate the WMATA vehicle at a safe speed for the traffic and pedestrian conditions;

    d. In failing to keep a proper lookout in the operation of the WMATA vehicle;

    e. In failing to yield the right-of-way to the decedent, Sally D. McGhee, who was a pedestrian lawfully crossing the roadway in a pedestrian crosswalk;

    f. In failing to operate the WMATA vehicle with the degree of skill and care required under the circumstances;

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

      g.      In failing to observe the decedent, Sally D. McGhee, who was lawfully crossing the street within the crosswalk on a walk signal; and,

      h.      In otherwise failing to adhere to the applicable motor vehicle laws and regulations then and there in effect in the District of Columbia.

20.    Plaintiffs further allege that Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, violated pedestrian safety provisions which were in full force and effect in the District of Columbia at the time of Ms. McGhee's death.

21.    By violating applicable District of Columbia safety regulations, including those regulations designed to protect lawful pedestrians from the acts or omissions of operators of motor vehicles, Defendant WMATA was negligent *per se*. In particular, Plaintiff alleges that Defendant WMATA was negligent *per se* in violating various provisions of Title 18, Chapters 2300.2 and 2302.2 of the District of Columbia Municipal Regulations.

22.    Plaintiffs further allege that the death of the decedent, Sally D. McGhee, was a direct, sole and proximate result of the negligence of WMATA, through its agent, servant and/or employee, Victor Z. Kolako.

23.    Plaintiffs further allege that as a direct and proximate result of the negligent or wrongful acts of Defendant WMATA, through its agent, servant and/or employee, Victor Z. Kolako, the next of kin of the decedent incurred burial expenses, has suffered the loss of anticipated future earnings, lost the pecuniary value of services

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

expected to be performed by the decedent, and lost any and all other damages recoverable under the Act.

WHEREFORE, Plaintiffs Molly M. Blasko and James McGhee, as Co-Personal Representatives of the estate of Sally Dean McGhee, deceased, demand judgment against the Defendant, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT II
### (Survival Act: Negligence and Negligence *Per Se*)

24. Plaintiffs incorporate, by reference, the allegations set forth in paragraphs 1 through 23 above, as if fully set forth herein and further alleges that this claim arises under the District of Columbia Survival Statute, D.C. Code § 12-101, et seq.

25. The decedent's right of action for wrongful death and negligent conduct against the Defendant, survives in favor of Molly M. Blasko and James McGhee, as the Co-Personal Representatives of the estate of the deceased. As a result of the Defendant's wrongful and negligent conduct, the decedent experienced severe pain, suffering, and mental anguish during the last day of her life.

WHEREFORE, Plaintiffs Molly M. Blasko and James McGhee, as Co-Personal Representatives of the estate of Sally Dean McGhee, deceased, demands judgment against the Defendant, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 6 -

## JURY DEMAND

The Plaintiffs, through counsel, request a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By: *(signed) Paul Cornoni*
Patrick M. Regan     #336107
pregan@reganfirm.com
Salvatore J. Zambri  #439016
szambri@reganfirm.com
Paul J. Cornoni      #489398
pcornoni@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
*Counsel for Plaintiffs*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -