UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOLLY M. BLASKO and ) <br> JAMES MCGHEE as Co-Personal ) <br> Representatives of the Estate of ) <br> SALLY DEAN McGHEE, Deceased ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY ) <br> ) <br> Defendant. ) | 07 cv 00833 (RMU) |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Comes now the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA"), by and through the undersigned counsel, and for its Answer to the Amended Complaint, states as follows:

FIRST DEFENSE

The Amended Complaint fails to state a cause of action upon which relief may be granted.

SECOND DEFENSE

Jurisdiction and Venue

1. The Defendant admits that the Court has jurisdiction over the Defendant pursuant to D.C. Code Ann. § 9-1107.01 (81). The Defendant denies the remaining allegations of paragraph 1 of the Amended Complaint.

2. The Defendant admits the allegations of paragraph 2 of the Amended Complaint.

### Parties

3-4.    Upon information and belief, the Defendant admits the allegations of paragraphs 3 and 4 of the Amended Complaint.

5.    The Defendant is an interstate compact agency created by an act of Congress and by its signatories, Maryland, the District of Columbia and Virginia, for the purpose of creating and maintaining a regional transportation system, as more fully set forth in D.C. Code Ann. § 9-1107.01.  To the extent the allegations of paragraph 5 are inconsistent with the foregoing, they are denied.

6.    The Defendant admits the allegations of paragraph 6 of the Amended Complaint.

7.    Paragraph 7 of the Amended Complaint constitutes conclusions of law to which no response is necessary.

### Facts

8-10.    The Defendant admits the allegations of paragraphs 8-10 of the Amended Complaint.

11.    The Defendant admits the allegations with respect to Sally Dean McGhee, and the allegations that Victor Z. Kolako was operating the WMATA bus at the time of the incident, but denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12.    With respect to paragraph 12 of the Amended Complaint, WMATA admits only that as Sally Dean McGee was lawfully crossing within the crosswalk, she was killed instantly when the WMATA bus driven by Mr. Kolako struck her.

13-14.  The Defendant admits the allegations contained in paragraphs 13-14 of the Amended Complaint.

## Count I

(Wrongful Death: Negligence and Negligence Per Se)

15.     The Defendant incorporates by reference each of the foregoing responsive paragraphs as if set forth here verbatim.  The Defendant denies, upon information and belief, that any claim arises under The District of Columbia Wrongful Death statute.

16.     The Defendant admits that Victor Z. Kolako was acting within the course and scope of his employment with WMATA at all relevant times.  The Defendant denies the remaining allegations of paragraph 16 of the Amended Complaint, except that WMATA acknowledges that its bus operator was negligent with respect to the incident in issue.

17.     Paragraph 17 of the Amended Complaint constitutes conclusions of law to which no response is necessary.

18.     Paragraph 18 of the Amended Complaint constitutes conclusions of law to which no response is necessary.

19.     With respect to paragraph 19 of the Amended Complaint, WMATA admits that its bus operator was negligent in respect to the accident in issue.

20-21.  The Defendant denies the allegations of paragraphs 20-21 of the Amended Complaint.

22.     WMATA admits the allegations of paragraph 22 of the Amended Complaint.

23. WMATA denies the allegations of paragraph 23 of the Amended Complaint.

## Count II

(Survival Act: Negligence and Negligence Per Se)

24. The Defendant incorporates by reference each of the foregoing responsive paragraphs as if set forth here verbatim.

25. The Defendant, upon information and belief, admits the allegations regarding the Plaintiffs' status as co-personal representatives. The Defendant denies that the decedent experienced any pain, suffering or mental anguish as a result of the subject incident.

The Defendant denies any and all allegations of the Amended Complaint which are not expressly admitted herein.

## THIRD DEFENSE

Damages in this action, to the extent they are permitted at all, are limited to those permitted by the Wrongful Death Act, D.C. Code Ann. §16-2701(1981) and by the Survival Act, D.C. Code Ann. §12-101 (1981).

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by Defendant's governmental immunity under the WMATA Compact, D.C. Code Ann. §9-1107.01 (80) (2001).

The Defendant reserves the right to rely upon any and all defenses available from the evidence presented at the trial of this action, and reserves the right to

assert such defenses at that time.

>Respectfully submitted,
>
>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
>
>/s/ Carol O'Keefe
> Carol O'Keeffe, #445277
>General Counsel
>
>/s/ Mark Sullivan
>Mark F. Sullivan, #430876
>Deputy General Counsel
>
>/s/ Kathleen A. Carey
>Kathleen A. Carey #357990
>Assistant General Counsel
>(202) 962-1496
>kcarey@wmata.com
>
>/s/ Nicholas S. Nunzio, Jr.
>Nicholas S. Nunzio, Jr. #362578
>Assistant General Counsel
>600 Fifth Street, N.W.
>Washington, D.C.  20001
>(202) 962-2886
>jnunzio@wmata.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2008, a copy of the foregoing was sent by e-filing to:

| | |
|---|---|
| Peter C. Grenier | Patrick M. Regan |
| Michael Hibey | Paul Cornoni |
| Bode & Grenier, L.L.P. | Regan, Zambri & Long |
| 1150 Connecticut Ave., N.W. | 1919 M Street, N.W. |
| Ninth Floor | Suite 350 |
| Washington, D.C. 20036 | Washington, D.C. 20036 |

                                                            /s/
                                            Kathleen A. Carey